# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RURAL MUTUAL INSURANCE COMPANY, ET AL., | ) ) ) |
| Plaintiffs, | ) Case No. 22-cv-00865 ) |
| vs. | ) ) ) Removal of Case No. 2022CV000105 |
| BEYOND BETTER FOODS, LLC, ET AL., | ) from the State of Wisconsin Circuit Court, ) Ozaukee County ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants Beyond Better Foods, LLC, ("BBF"), Houston Casualty Company ("HCC") and Allied World Surplus Lines Insurance Company ("Allied") (collectively, the "Defendants") hereby remove this action from the State of Wisconsin Circuit Court, Ozaukee County, to the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support hereof, the Defendants further state as follows:

### I.    REMOVAL JURISDICTION

1. This action is removable to this Court pursuant to 28 U.S.C. § 1332, because complete diversity exists between the parties and the amount in controversy exceeds $75,000.

2. Removal to this Court is proper pursuant to 28 U.S.C. §§ 1391 and 1446(a).

### II.    RELEVANT PROCEDURAL BACKGROUND

3. Plaintiffs Rural Mutual Insurance Company ("Rural") and Cedar-Crest Specialties, Inc. ("Cedar") (collectively, the "Plaintiffs") filed their Complaint on April 13, 2022 in the State of Wisconsin Circuit Court, Ozaukee County. (*See* Plaintiffs' Complaint, attached hereto as **Exhibit A**). Plaintiffs allege that Allied is obligated to provide insurance coverage for

-1-

certain claims of BBF and HCC. (*See id.*).

4. Plaintiffs first served Allied with the Complaint on June 30, 2020, and HCC and BBF accepted service of the Complaint on June 29, 2022. (*See* DOI Letter and June 29, 2022 e-mail chain, attached hereto as **Exhibits B** and **C**).

5. Pursuant to 28 U.S.C. § 1446(a), a true and correct copies of "all process, pleadings, and orders" served on the Defendants are attached hereto as **Exhibits A**, **B**, **C** and **D**.

### III. TIMELINESS OF REMOVAL

6. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal must be filed within thirty (30) days after each Defendants' receipt of the Complaint (through service or otherwise). As set forth in ¶ 4 *supra*, BBF and HCC accepted service of the Complaint on June 29, 2022 and Allied received formal service of the Complaint on June 30, 2022. Therefore, this Notice of Removal is timely.

### IV. VENUE

7. Removal is proper under 28 U.S.C. § 1441(a), because this Court sits in the District and Division "embracing the place where [this] action is pending" – the State of Wisconsin Circuit Court, Ozaukee County. (*See* **Ex. A**).

### V. JURISDICTION

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because there is complete diversity between the parties and the amount in controversy exceeds $75,000 (exclusive of costs and interest).

9. There is complete diversity between Plaintiffs and each of the Defendants, because: (a) Rural and Cedar (per the Complaint) are Wisconsin corporations and have their principal place of business in Madison and Cedarburg, Wisconsin, respectively, (b) BBF is a

-2-

Case 2:22-cv-00865-LA   Filed 07/29/22   Page 2 of 4   Document 1

Delaware limited liability company[1], with its principal place of business in the Bronx, New York, (c) HCC is a New York corporation, with its principal place of business in Mount Kisco, New York, and (d) Allied is a Connecticut corporation, with its principal place of business in Farmington, Connecticut. (*See* **Ex. A** at ¶¶ 1-5).

10. The amount in controversy exceeds $75,000 (exclusive of costs and interests), as Plaintiff specifically seeks damages well in excess of that amount. (*See* **Ex. A** at ¶ 26 a.-e.)

11. Accordingly, this action is removable pursuant to 28 U.S.C. § 1441.

### VI. NOTICE TO PLAINTIFF'S COUNSEL AND THE STATE COURT

12. Pursuant to 28 U.S.C. § 1446(d), the Defendants promptly will provide Plaintiffs' counsel with a copy of this Notice of Removal and file a copy hereof with the Clerk of the Circuit Court of Ozaukee County.

### V. CONCLUSION

13. For the foregoing reasons, this action is properly removable to this Court, and Defendant respectfully requests that this Court assume full jurisdiction over this matter.

Dated: July 29, 2022

       **GORDON REES SCULLY MANSUKHANI LLP**
       *Attorneys for Allied World Surplus Lines Insurance Company.*

       By: */s/ Daniel E. Feinberg*
          Daniel E. Feinberg, Esq.
          Illinois State Bar No. 6269724
          **GORDON REES SCULLY MANSUKHANI, LLP**
          One North Franklin, Suite 800
          Chicago, Illinois 60606
          (312) 565-1400
          dfeinberg@grsm.com

---

[1] Each of the limited liability members of BBF are incorporated in and citizens of states other than Wisconsin.

# CERTIFICATE OF SERVICE

I, Daniel E. Feinberg, an attorney, hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of the United States District Court for the Eastern District of Wisconsin, this 29th day of July 2022, using the CM/ECF system. I also caused a copy of the foregoing to be sent via E-Mail to the following:

| | |
|---|---|
| **Monte E. Weiss** <br> **Weiss Law Office, S.C.** <br> 1017 W. Glein Oaks Lane <br> Suite 207 <br> Mequon, WI 53092 <br> mweiss@mweisslaw.net <br><br> *Attorneys for Plaintiffs Rural Mutual Insurance Company and Cedar-Crest Specialties, Inc.* | **Matthew Policastro** <br> **Cozen O'Connor** <br> 123 N. Wacker Drive <br> Suite 1800 <br> Chicago, IL 60606 <br> MPolicastro@cozen.com <br><br> *Attorneys for Defendants Beyond Better Foods, LLC and Houston Casualty Company* |

/s/ *Daniel E. Feinberg*