# EXHIBIT A



Wisconsin Office of the
**COMMISSIONER**
ᵒᶠ **INSURANCE**

Tony Evers, Governor of Wisconsin
Nathan Houdek, Commissioner of Insurance

125 South Webster Street, P O Box 7873
Madison, WI 53707-7873
p 608-266-3585 | p 1-800-236-8517 | f 608-266-9935
ociinformation@wisconsin gov | oci wi gov

CERTIFIED MAIL - RETURN RECEIPT REQUESTED
ALLIED WORLD SURPLUS LINES INSURANCE COMPANY
199 WATER ST
NEW YORK NY 10038

ATTN LEGAL COUNSEL

## CERTIFICATE OF SERVICE OF PROCESS #80264

Pursuant to s. 601 72, Wis Stat , service is admitted on behalf of the above

STATE OF WISCONSIN In the Wisconsin Circuit Court in Ozaukee County

Case Number 22CV105

CEDAR-CREST SPECIALTIES, INC, et al , Plaintiffs

       , VS

ALLIED WORLD SURPLUS LINES INSURANCE COMPANY, et al , Defendants

TO WHOM IT MAY CONCERN

This process was received by the Commissioner on 06/30/2022
           mailed by the Commissioner on 07/05/2022.

Service of the attached was made by delivering to my office two copies of the process and payment of the fee required by law

                                       Commissioner of Insurance

No acknowledgement of this process by the insurer to the Commissioner is necessary but you should forward this to your attorney

OCI 13-001 (R 11/2004) KC

FILED
04-13-2022
Ozaukee County, WI
Mary Lou Mueller CoCC
2022CV000105
Honorable Paul V. Malloy
Branch 1



2022 JUN 30  AM 8: 40

RURAL MUTUAL INSURANCE COMP
1241 JOHN Q. HAMMONS DRIVE
MADISON, WI 53717,

      PLAINTIFF,
  AND

CEDAR-CREST SPECIALTIES, INC.,
7269 HIGHWAY 60
CEDARBURG, WISCONSIN 53012,

      INVOLUNTARY PLAINTIFF,
  V.

BEYOND BETTER FOODS, LLC,
101 LINCOLN AVENUE, SUITE 100
BRONX, NEW YORK, 10454,

HOUSTON CASUALTY COMPANY,
37 RADIO CIRCLE DRIVE
MOUNT KISCO, NEW YORK 10549,

  AND

ALLIED WORLD SURPLUS LINES INSURANCE COMPANY,
1690 NEW BRITAIN AVENUE, SUITE 101
FARMINGTON, CONNECTICUT 06032,

      DEFENDANTS.

---

## SUMMONS

---

THE STATE OF WISCONSIN TO:

**Each person named above as a Defendant:**

YOU ARE HEREBY NOTIFIED that the above-named Plaintiff has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer which does not follow the requirements of the Statutes. Your answer must be sent or delivered to the Court whose address is:

> **Clerk of Courts**
> **Ozaukee County Justice Center**
> **1201 S. Spring Street**
> **Port Washington, WI 53074**

and to Weiss Law Office, S.C., attorneys for Plaintiff, whose address is:

> **Weiss Law Office, S.C.**
> **1017 West Glen Oaks Lane, Suite 207**
> **Mequon, Wisconsin 53092**

You may have an attorney help or represent you.

If you do not provide a proper Answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you now own or may own in the future and may also be enforced by garnishment or seizure of property.

Dated this 13th day of April 2022

**WEISS LAW OFFICE, S.C.**
Attorneys for Plaintiff,
Rural Mutual Insurance Company

By:  */s/ Monte E. Weiss*
Electronically signed by:
Monte E. Weiss
State Bar No. 1003816

**P.O. ADDRESS:**
**WEISS LAW OFFICE, S.C.**
1017 West Glen Oaks Lane, Suite 207
Mequon, WI 53092
(262) 240-9663 (Telephone)
(262) 240-9664 (Facsimile)
mweiss@mweisslaw.net - email

**FILED**
**04-13-2022**
**Ozaukee County, WI**
**Mary Lou Mueller CoCC**
**2022CV000105**
**Honorable Paul V. Malloy**
**Branch 1**

STATE OF WISCONSIN
CIRCUIT COURT
OZAUKEE COUNTY

RURAL MUTUAL INSURANCE COMPANY,

     PLAINTIFF,

AND

CEDAR-CREST SPECIALTIES, INC.,

     INVOLUNTARY PLAINTIFF,

V.

BEYOND BETTER FOODS, LLC,
HOUSTON CASUALTY COMPANY,
AND ALLIED WORLD SURPLUS LINES INSURANCE COMPANY,

     DEFENDANTS.

**COMPLAINT**

Now Comes the above named Plaintiff, Rural Mutual Insurance Company, by its counsel, Weiss Law Office, S.C., and as and for a cause of action hereby alleges and shows to the court, upon information and belief, as follows:

1. That Rural Mutual Insurance Company is a domestic insurance company with a home office and principal place of business located at 1241 John Q. Hammons Drive, Madison, WI 53717 ("Rural Mutual")

2. That the involuntary plaintiff, Cedar-Crest Specialties, Inc., is a domestic company with a principal place of business located at 7269 Highway 60, Cedarburg, Wisconsin 53012 ("Cedar Crest").

3. That the defendant, Beyond Better Foods, LLC is a foreign company with a principal place of business located at 101 Lincoln Avenue, Suite 100, Bronx, New York, 10454 ("Beyond").

4. That the defendant, Houston Casualty Company is a foreign insurance company with a home office and principal place of business located 37 Radio Circle Drive, Mount Kisco, New York 10549 ("Houston Casualty").

1

5. That the defendant, Allied World Surplus Lines Insurance Company, is a foreign insurance company with a home office and principal place of business located at 1690 New Britain Avenue, Suite 101, Farmington, Connecticut 06032 ("Allied World").

6. That Rural Mutual is engaged in the insurance business and at all times material hereto, issued a policy of insurance to Cedar Crest, policy number CPPG167116 ("Rural Policy"). That said policy had an inception date of June 1, 2020 and an expiration date of June 1, 2021 and that said policy is subject to all of its terms, conditions, provisions, definitions, exclusions and limits of liability contained therein.

7. That Rural Mutual issued the Rural Policy for delivery in the State of Wisconsin.

8. That Cedar Crest is engaged in the business of manufacturing and packaging, *inter alia*, ice cream for distribution to resellers for ultimate sale to the general public.

9. That Beyond is engaged in the business of developing certain mix specifications and formulas for the manufacture of products, including certain varieties of ice cream.

10. That Houston Casualty is engaged in the insurance business and at all times material hereto, issued a policy of insurance to Beyond, policy number H718-80332 ("Houston Policy"). That said policy had an inception date of August 1, 2018 and an expiration date of August 1, 2020 and that said policy is subject to all of its terms, conditions, provisions, definitions, exclusions and limits of liability contained therein.

11. That Houston Casualty does or has done substantial business in the State of Wisconsin, including in Ozaukee County.

12. That Allied World engaged in the insurance business and at all times material hereto, issued a policy of insurance to Cedar Crest, policy number 0312-0725 ("Allied World Policy"). That said policy had an inception date of October 24, 2019 and an expiration date of October 24, 2020 and that said policy is subject to all of its terms, conditions, provisions, definitions, exclusions and limits of liability contained therein.

13. That Allied World issued the Allied Policy for delivery in the State of Wisconsin.

14. That Allied World has done and does substantial business in the State of Wisconsin, including in Ozaukee County.

2

15. That on or about November 2, 2018, Cedar Crest and Beyond entered into a contract in which, *inter alia*, Beyond would be able to place purchase orders for products manufactured by Cedar Crest ("Contract").

16. That the Contract obligated Cedar Crest, among other things, to manufacture, test, and store products for which a purchase order was placed by Beyond with Cedar Crest.

17. That prior to May 5, 2020, Beyond had placed a purchase order with Cedar Crest for a certain dairy product, namely Enlightened Chocolate Peanut Butter ice cream.

18. That Cedar Crest manufactured and produced the ordered Enlightened Chocolate Peanut Butter ice cream on or about May 5, 2020.

19. That certain containers of the Enlightened Chocolate Peanut Butter ice cream which were manufactured and produced by Cedar Crest for Beyond, pursuant to the Contact, were packaged in containers supplied by Schoep's Ice Cream Company, Inc., to Cedar Crest of behalf Beyond in non-dairy packaging.

20. That Cedar Crest packaged some of the manufactured and produced Enlightened Chocolate Peanut Butter ice cream in packaging that was labeled as non-dairy Enlightened Chocolate Peanut Butter ice cream.

21. That Cedar Crest does not and did not manufacture or produce any ice cream, including Enlightened Chocolate Peanut Butter ice cream as non-dairy ice cream.

22. That certain of the Enlightened Chocolate Peanut Butter ice cream manufactured and produced by Cedar Crest which was packaged as non-dairy Enlightened Chocolate Peanut Butter ice cream was delivered to retailers for sale and distribution to the general public but not non-dairy ice cream.

23. That on or about June 24, 2020, Cedar Crest notified the Food and Drug Administration of an undeclared allergen for the Enlightened Chocolate Peanut Butter which was manufactured, produced and packaged by Cedar Crest.

24. That the mislabeling of dairy ice cream in non-dairy ice cream packaging is a health risk for consumers with dairy allergies.

3

25. That as a result of the error described herein, on or about June 24, 2020, a Food and Drug Administration recall of the mislabeled ice cream was initiated.

26. That as a result of the mislabeling and resultant recall initiated by the Food and Drug Administration, Beyond incurred the following costs associated with the recall of the mislabeled Enlightened Chocolate Peanut Butter ice cream as outlined below and in the supporting documentation attached hereto:

   a.  provided a credit demanded by Beyond's customers of the returned ice cream product in the amount of $72,254.42;

   b.  direct costs for the disposal and handling of the ice cream product in the amount of $3,383.95;

   c.  refunded the direct costs incurred by Beyond's customers from the recall in the amount of $43,371.23;

   d.  provided an additional credit demanded by Beyond's customers in the amount of $95,521.65 for further recall-related fees, costs and expenses those customers incurred; and

   e.  direct costs from Stericyle for the destruction of the ice cream in the amount of $29,309.85.

27. That as a result of the mislabeling of the Enlightened Chocolate Peanut Butter ice cream, Beyond filed a claim for coverage with its liability insurer, Houston.

28. That Houston made the payments referenced in paragraphs 26 (a)-(e) of this complaint pursuant to the Houston Policy issued to Beyond with the exception of the amount that constituted the deductible which was the obligation of Beyond as more fully set forth herein.

29. That as a result of the payments it made to or on behalf of Beyond as referenced herein, Houston has presented a subrogation claim to Cedar Crest for the amounts that it paid.

30. That as a result of the mislabeling of the ice cream, Beyond sustained the loss of its deductible in the amount of $25,000 as that term is defined in the Houston Policy.

31. That Beyond has sought reimbursement of its deductible from Cedar Crest.

4

32. That as a result of the mislabeling and the resultant claims presented by Houston and Beyond, Cedar Crest tendered its defense of those claims to Rural Mutual and Allied World.

33. That Rural Mutual has evaluated the claims presented by Houston and Cedar Crest and determined that coverage for those claims is only available under the Limited Product Withdrawal Expense Endorsement contained in the Rural Policy issued to Cedar Crest, but not under or pursuant to any other portion of the Rural Policy.

34. That Allied World has not acknowledged that coverage for the claims presented against Cedar Crest by Houston and Beyond is afforded under the Allied World Policy.

35. That it is the understanding of Rural Mutual that Allied believes that no coverage is afforded under the Allied World Policy for the claims presented against Cedar Crest by Houston and Beyond.

36. That Rural Mutual believes that coverage is afforded under Allied World Policy for the claims of Houston and Beyond presented against Cedar Crest.

37. That it is the belief of Rural Mutual that Beyond, Houston and Cedar Crest believe that coverage is afforded for the claims of Houston and Beyond as against Cedar Crest under the Allied World Policy.

38. That it is the belief of Rural Mutual that there is a justiciable controversy as to whether or not the Allied World Policy provides for a duty indemnify Cedar Crest for the claims presented by Houston and Beyond.

39. That it is the belief of Rural Mutual there is a justiciable controversy as to whether or not the Rural Policy provides for a duty to indemnify Cedar Crest for the claims presented by Houston and Beyond, in addition to the indemnification obligation set forth in the Rural Policy's Limited Product Withdrawal Expense Endorsement as referenced herein.

40. That is the belief of Rural Mutual that Allied World contends that Rural Mutual has a duty to indemnify Cedar Crest for the claims presented by Houston and Beyond in addition to the indemnification obligation set forth in the Rural Policy's Limited Product Withdrawal Expense Endorsement as referenced herein.

41. That as a result of the aforementioned circumstances, a justiciable controversy exists between and among Rural Mutual, Cedar Crest, Beyond,

5

Houston and Allied World entitling these parties to declaratory judgment pursuant to Wisconsin Statute §806.04.

Wherefore, Rural Mutual Insurance Company hereby demands a declaratory judgment seeking a declaration that Rural Policy provides coverage for the claims of Beyond and Houston only under its Limited Product Withdrawal Expense Endorsement and for a declaration that the Allied Policy provides coverage for the claims of Beyond and Houston, together with taxable costs, disbursements, attorney's fees and for such other relief as this court deems just and equitable.

Dated this __ day of April 2022.

**Weiss Law Office, S.C.**
Attorneys for Plaintiff
Rural Mutual Insurance Company

By: _/s/ Monte E. Weiss_
Electronically signed by:
Monte E. Weiss
State Bar No. 1003816

**P.O. Address**
Weiss Law Office, S.C.
1017 W. Glen Oaks Lane
Suite 207
Mequon, WI 53092
262-240-9663 – telephone
262-240-9664 – facsimile
mweiss@mweisslaw.net -email

**FILED**
**04-13-2022**
**Ozaukee County, WI**
**Mary Lou Mueller CoCC**
**2022CV000105**
**Honorable Paul V. Malloy**
**Branch 1**

**STATE OF WISCONSIN**        **CIRCUIT COURT**       **OZAUKEE**

Rural Mutual Insurance Company et al vs. Beyond Better Foods, LLC et al     **Electronic Filing Notice**

Case No. 2022CV000105
Class Code: Declaratory Judgment

---

ALLIED WORLD SURPLUS LINES INSURANCE COMPANY
SUITE 101
1690 NEW BRITAIN AVENUE
FARMINGTON CT 06032

Case number 2022CV000105 was electronically filed with/converted by the Ozaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: a5210a**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 262-284-8409.

Ozaukee County Circuit Court
Date: April 13, 2022

GF-180(CCAP), 11/2020 Electronic Filing Notice       §801.18(5)(d), Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.